

# The Miller Firm LLC
## TRIAL LAWYERS

**Michael J. Miller – VA, MD, DC, PA**
**Nancy Guy Miller  – MS**
**Bruce D. Burtoff, M.D., J.D. – VA, DC, FL, MS**
**David J. Dickens – VA, DC**
**Jeffrey Travers – VA**
**Tayjes Shah – PA, NJ**
**Curtis G. Hoke – CA**
**Jeff T. Seldomridge – VA, WV**
**Shayne K. Hodge – NJ, VA**
**Brian K. Brake – VA**
**Edward J. Maggio - NY**

**The Sherman Building**
**108 Railroad Avenue**
**Orange, VA 22960**
**Elisa A Dickson, RN, BSN, MS**
**Nancy Leftwich, RN**
**Jeanie Oelrich, RN, BSN**
**Website: Millerfirmllc.com**
**Telephone:  (540) 672-4224**
**(866) 529-3323**
**Facsimile:  (540) 672-3055**

January 20, 2021

Via ECF

Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 619
New York, NY 10007

Re: *Wamai et al v. Industrial Bank of Korea*, 1:21-cv-00325-ER

Dear Judge Ramos

Pursuant to Rule 13(b)(1) of the Rules for the Division of Business Among District Judges for the United States District Court for the Southern District of New York, the Plaintiffs dispute Defendant's claim in its January 19, 2021 letter that this matter is related to *Owens v. Turkiye Halk Bankasi A.S.*,1:20-cv-02648-DLC (S.D.N.Y.) a case involving additional plaintiffs, different assets, a different defendant (Halkbank), and a different set of disputed facts.  Plaintiffs did not file a notice of related case with its initial filing in this action because there was, and is, no reasonable basis to conclude that the two cases would satisfy the determination of relatedness factors set out in Division Rule 13(a)(1).  Defendant's submission offers nothing to change that conclusion. Where, as here, a "party other than the one filing a case" makes a claim of relatedness, the Court must make an initial assessment of relatedness before referring the question to the judge with the lowest docket number.  (Division Rule 13(b)(3)).  The Plaintiffs respectfully request that this Court determine that the *Wamai* and *Owens* cases are not related.

Defendant claims that these cases are related because a subset of the plaintiffs in *Owens* also appear in the *Wamai* case and because similar causes of actions are asserted against different defendants. However, "[c]ivil cases shall not be deemed related merely because they involve common legal issues or the same parties." (Division Rule 13(a)(2)(A)).  Instead, the Court must consider whether:

(A) the actions concern the same or substantially similar parties, property, transactions or events;
(B) there is substantial factual overlap;
(C) the parties could be subjected to conflicting orders; and
(D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.

(Division Rule 13(a)(1)).  Defendant makes no attempt to explain how these factors are satisfied.  Nor could they.

January 20, 2021
Page 2


Here, these actions do not concern substantially similar parties, property, transactions or events. There are thousands of victims of Iran's sponsorship of various terrorist acts over the past decades who have obtained billions of dollars of judgments against Iran in various U.S. Courts.  Iran has refused to satisfy any of these judgments and has instead sought to conceal its assets with the complicity of various banks and front companies throughout the world.

This action, however, is not against Iran.  Instead, this action is against the Industrial Bank of Korea (IBK) arising from its actions in the concealment of Iranian assets and funds transferred through the United States.  Plaintiffs, here, consist of 322 victims of the 1998 U.S. Embassy Bombings in Kenya and Tanzania.  (Compl. at ¶¶ 15-16).  These Plaintiffs appear in the *Owens* case, but *Owens* involves an additional 554 plaintiffs including victims of additional terrorist attacks in Israel, Lebanon, and Iraq. (1:20-cv-02648-DLC, ECF no. 46, ¶ 19 (Owens Complaint")).  More importantly, these cases focus on the conduct of entirely different defendants in concealing different assets of Iran, in different accounts, during different timeframes, and through different schemes involving fraudulent conveyances, sanctions violations, and money laundering.  (*Wamai* Compl. at ¶¶ 47-115 ; *Owens* Compl. at ¶¶ 79-142).

The *Wamai* and *Owens* cases also do not involve any substantial factual overlap.  The only overlap in these cases involve facts that are not reasonably subject to dispute, i.e. plaintiffs are judgment-creditors of Iran and Iran is deemed by the U.S. as a state-sponsor of terrorism subject to international sanctions. No discovery from the plaintiffs in *Owens* and *Wamai* is necessary in either case. Iran's liability for Plaintiffs' injury is established and is not being re-litigated in this case. All of the discovery in this case will come from the defendant IBK and the parties involved in the fraudulent scheme involving purported shipments of nearly $1 billion worth of floor tile and related goods.  Thus, there are no efficiencies in discovery to be achieved by consolidating the two cases.

What is being litigated in *Wamai* is the conduct of a Korean bank, Defendant IBK, in concealing and laundering Iranian assets to avoid detection and seizure by Plaintiffs and U.S. regulators.  There is no allegation that IBK's actions are in anyway related to the conduct of Halkbank, the defendant in *Owens*. Halkbank, or Turkiye Halk Bankasi, is a bank based in Turkey that used different schemes to hide different assets of Iran.  Furthermore, this case will be shaped by substantial spoliation of evidence by the Defendant IBK, an issue not known to be present in the *Owens* matter against defendant Halkbank. (*Wamai* Compl. at ¶¶ 108-117).

Because the defendants are different in these cases, there is no realistic danger of conflicting orders being entered in the two separate matters against defendants.  Also, because these cases involve different assets of Iran based on different events and transactions, there is no realistic likelihood of conflicting orders being entered against the plaintiffs.  While both *Wamai* and *Owens* rely on similar legal theories, the law will be applied to distinct and separate factual scenarios.  To the extent there are common questions of law between the cases that could be answered differently, it is desirable not to relate the cases because it "enrich[es] the development of the law by having a plurality of judges examine in the first instance common questions of law."  (Division R. 13 at Comment.)

Finally, there will be no "substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses" absent a determination of relatedness.  Discovery, trial, and factual findings involving any disputed facts in these two cases will involve entirely different sets of witnesses

January 20, 2021
Page 3

and documents.  Relating *Wamai* to *Owens* would actually pose a danger of delay for the *Wamai* plaintiffs. There is a parallel criminal proceeding ongoing against the defendant in *Owens* which could delay the resolution of that civil case.  (*See United States v. Halkbank* (S.D.N.Y., Oct. 26, 2020, No. 15 CR. 867 (RMB)), 2020 WL 6273887).  Here, IBK has already entered into a deferred prosecution agreement with the United States, so there is no pending criminal proceeding which would delay resolution of this civil action. (Compl. at ¶ 19.) Because there will not be common discovery in the *Wamai* and *Owens* cases; any discovery delays in *Owens* will also unnecessarily cause delay in resolution of the *Wamai* case.

For the foregoing reason, Plaintiffs respectfully request that the Court not find the *Wamai* and *Owens* cases related.

Very truly yours,

THE MILLER FIRM LLC

/s/ Edward Maggio
Edward Maggio
Michael J. Miller

cc: The Honorable Denise L. Cote (via FEDEX)
All Counsel of Record (via ECF)