

Michael J. Miller – VA, MD, DC, PA
Nancy Guy Miller  – MS
Bruce D. Burtoff, M.D., J.D. – VA, DC, FL, MS
David J. Dickens – VA, DC
Jeffrey Travers – VA
Tayjes Shah – PA, NJ
Curtis G. Hoke – CA
Jeff T. Seldomridge – VA, WV
Shayne K. Hodge – NJ, VA
Brian K. Brake – VA
Kyung Jae Han - NY

**The Sherman Building**
**108 Railroad Avenue**
**Orange, VA 22960**

Elisa A Dickson, RN, BSN, MS
Nancy Leftwich, RN
Jeanie Oelrich, RN, BSN
Website: Millerfirmllc.com
Telephone: (540) 672-4224
(866) 529-3323
Facsimile: (540) 672-3055

July 28, 2021

Via ECF

Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtoom 18B
New York, NY 10007-1312

Re: *Wamai et al v. Industrial Bank of Korea*, 1:21-cv-00325-ER

Dear Judge Cote

    Pursuant to the Court's July 14, 2021 Order conditionally granting IBK's motion to dismiss, the parties are submitting as directed by the Court a joint proposed Stipulation and Order which is to govern any litigation in Korea.  The jointly proposed Order is submitted with IBK's letter brief with one exception.  The parties are unable to agree to the inclusion of an additional paragraph, which should be inserted as Paragraph #6.  Plaintiffs respectfully request that the Court include the following language to the Court's Order:

> If Plaintiffs' judgments against Iran are not recognized as valid and enforceable by a final determination in Korean courts within eighteen months of Plaintiffs filing an action in Korea to recognize the judgments, Plaintiffs may refile this case in the Southern District of New York.  In such case, IBK will not raise a statute of limitation defense that it could not have raised in the present action.

IBK opposes the inclusion of that language in the proposed Order.

    Plaintiffs maintain that Korea is an inadequate forum because it could take over 10 years from the date of filing for Korea to issue a final ruling on recognition of Plaintiffs' judgments against Iran. Jang Decl. at ¶¶ 26-32; *USHA (India), Ltd. v. Honeywell Intern., Inc.*, 421 F.3d 129, 135 (2d Cir. 2005). Plaintiffs, by inclusion of the above language, seek to ensure that their enforcement action is not unduly delayed by transfer to Korea.  The U.S. Court of Appeals for the Second Circuit has repeatedly determined that undue delays in a foreign court can render that forum inadequate.  *USHA (India), Ltd.*, 421 F.3d at 135; *Borden, Inc. v. Meiji Milk Prods. Co.*, 919 F.2d 822, 829 (2d Cir. 1990); *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pak.*, 273 F.3d 241, 247-48 (2d Cir. 2001). In such cases the trial court should condition dismissal on a time limitation where if the foreign court fails "to rule

July 28, 2021
Page 2

in the time permitted, the dismissed party could [refile] the suit in the United States forum." *Bank of Credit & Commerce Int'l (Overseas) Ltd*, 273 F.3d at 247-48. Such a condition ensure that Plaintiffs are "fairly well protected by the conditional nature of the dismissal." *Id.*

The Second Circuit's opinion in *USHA* is particularly instructive. 421 F.3d at 135. In *USHA*, plaintiffs argued that India was an inadequate forum because "it would take ten to fifteen years for the New Delhi High Court to adjudicate their claims" whereas defendants argued that adjudication would take two to three years. *USHA (India), Ltd.*, 421 F.3d at 135. The Second Circuit ordered the district court to condition its *forum non conveniens* dismissal to allow plaintiffs to reinstate their action in the U.S. after 18 to 24 months unless it was shown that "adjudication [in India] will be reasonably prompt." *Id.* Here, likewise, it could take over ten years for Korean courts to adjudicate whether Korea will recognize Plaintiffs' judgments against Iran because a politically important question is involved. Jang Decl. at ¶¶ 26-32. Given that IBK contends that Korean adjudication could be completed on average in one year and seven months, Kwon Decl. at ¶ 60, IBK should be held to that contention. IBK certainly would not be prejudiced by the proposed paragraph which merely specifies that Plaintiffs' judgments be recognized as valid and enforceable by a final determination in Korean courts within eighteen months of Plaintiffs filing an action in Korea to recognize the judgments. To ensure that Plaintiffs are protected, the Court should, like *USHA*, impose a condition upon dismissal requiring reasonably prompt recognition by Korean courts of Plaintiffs' judgments against Korea. Plaintiffs proposed language would achieve that protection.

Plaintiffs' lawsuit involves a claim for turnover of any assets of Iran that IBK currently possesses and for turnover of assets it fraudulently transferred in violation of U.S. sanctions. *See e.g* Compl. ¶¶ 140, 152. The turnover of Iranian assets at IBK certainly requires recognition of Plaintiffs' underlying judgments against Iran. IBK agrees it will not challenge the validity of those judgments in Korea. However, Iran may still challenge the judgments; and if Iran does not make an appearance, the Korea courts must *sua sponte* assess the validity of the judgments. Suk Decl. at ¶¶ 15-16. IBK also agrees that it will not argue that recognition of the judgments is a precondition to Plaintiffs pursuing the fraudulent conveyance claims against IBK. Again, however, IBK's agreement may not preclude a Court from *sua sponte* making that determination. Thus it could take over ten years for Korean courts to make prerequisite findings to even allow Plaintiffs to begin its claims against IBK. Under such circumstances, the Court should order that the parties' agreement to litigate in Korea include the aforementioned provision proffered by plaintiffs to ensure that adjudication will be reasonably prompt.

        Very truly yours,

        THE MILLER FIRM LLC

        /s/ Michael J. Miller
        Michael J. Miller
        Kyung Jae Han
        Jeffrey Travers

cc: All Counsel of Record (via ECF)