```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
WINFRED WAIRIMU WAMAI, et al.,           :
                                         :
                    Plaintiffs,          :     21cv325 (DLC)
                                         :
            -v-                          :       ORDER
                                         :
INDUSTRIAL BANK OF KOREA,                :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

In an Opinion of July 14, 2021 (the "July 14 Opinion"), this case was conditionally dismissed on the basis of forum non conveniens.  The July 14 Opinion required the parties to submit by July 28 a stipulation to litigate in the Republic of Korea ("Korea"), including a commitment by the defendant to accept service in Korea and waive any jurisdictional or statute of limitations defense.  It further provided that, upon entry of that stipulation, judgment would be entered for defendant Industrial Bank of Korea ("IBK").

On July 28, the parties informed the Court that they were unable to reach an agreement on one term in the stipulation.  Specifically, the plaintiffs seek to include a term (the "Disputed Provision") providing that

> If Plaintiffs' judgment against Iran is not recognized as valid and enforceable by a final determination in Korean courts within eighteen months of Plaintiffs

> filing an action in Korea to recognize the judgment,
> Plaintiffs may refile this case in the Southern
> District of New York.  In such case, IBK will not
> raise a statute of limitation defense that it could
> not have raised in the present action.

IBK has objected to the inclusion of this provision.  Except for this provision, the parties are otherwise in agreement on the terms of the stipulation to litigate in Korea, and a proposed stipulation that excludes the Disputed Provision was filed on July 28.

The defendant's objections to the Disputed Provision are sustained and the July 28 stipulation is approved without the Disputed Provision.  Among other infirmities, the eighteen-month period contemplated by the Disputed Provision is far too compressed to complete litigation.  Moreover, the provision invites gamesmanship and does not promote good faith litigation of the merits of the plaintiffs' claims in Korea.  Further, the Disputed Provision may unfairly prejudice IBK: it could be forced to litigate in an inconvenient foreign forum based entirely on factors outside of its control.  The Disputed Provision also permits the refiling of the entire action in the United States even though the triggering event in the Disputed Provision -- the failure to recognize the plaintiffs' U.S. judgment against Iran within eighteen months -- may apply to only some of the plaintiffs' claims.  Finally, the Disputed

Provision exceeds the scope of the conditional dismissal contemplated by the July 14 Opinion.  Accordingly, it is hereby

ORDERED that the plaintiffs' request to include the Disputed Provision in the parties' stipulation to litigate in Korea is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment for IBK and close this case.

Dated:    New York, New York
          July 29, 2021

                                              _____
                                              DENISE COTE
                                              United States District Judge